_JiKIRBY, J.,
DISSENTS WITH REASONS.
I respectfully dissent. The trial court’s judgment denied Dr. Dulitz his statutory right to have the claims against him considered by a review panel prior to suit. More importantly, though, in my view the court below deprived the doctor of the basic due process rights of notice and opportunity to be had.
The record establishes that the relator was not named in the statutory request for review by a medical review panel. The State Medical Malpractice Act mandates that all malpractice claims against qualified providers, and there is no contention that Dr. Dulitz is not such a provider, shall be reviewed by a state medical review panel and that no action may be commence in any Court before the claim has been presented to the panel. LSA R.S. 40:1299.39.1(A)(a); LSA R.S. 40:1299.39.1(B)(l)(a)(i). Clearly, relator was denied this statutory protection.
In addition to the denial of is statutory right to a review panel hearing, Dr. Dulitz has been denied the two most fundamental elements of procedural due process, guaranteed by both the Federal and Louisiana constitutions; notice and the opportunity to be heard prior to deprivation of life, liberty or property. Even assuming that plaintiff counsel’s memory is correct, and the counsel advised the review panel to consider the negligence of all Charity doctors, relator has suffered \9& serious deprivation of his own right as a qualified health care provider to have notice of the hearing and to present his case to the panel.
Had relator properly been named according to the provisions of the statute, he might have chosen to be represented by his own independent counsel before the medical review panel. Furthermore, he had no NOTICE as required by the 14th amendment to the Federal Constitution and the malpractice act and opportunity to be HEARD by the medical review panel.